UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-3229 (DSD/SRN)

United States of America,

       Plaintiff,

v.                                                              **ORDER**

$186,907.00 IN U.S. Currency,
One 2006 Dodge Ram Pickup, and
One 2007 Maurer 16 Foot Full
Tilt Dual Axel Flatbed Trailer,

       Defendant.

This matter is before the court on plaintiff's motion for default judgment and partial summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

**BACKGROUND**

This forfeiture action arises out of the February 14, 2007, seizure by law enforcement officials of a 2006 Dodge Ram pickup truck, a 2007 Maurer trailer and $186,907 (collectively "the property") from claimant Cipriano Larios Garcia ("Garcia").

While Garcia was visiting relatives in Mexico in December 2006, he agreed to loan the truck and trailer to an acquaintance -

"Roberto"[1] - for the purpose of transporting vehicles. Garcia was to receive $300 for each transported vehicle. Upon returning to Oregon from Mexico, Garcia learned that the truck and trailer were impounded in Minnesota.[2] Garcia traveled to Minnesota, and on February 14, 2007, took possession of the truck and trailer. A Minnesota state trooper stopped Garcia later that day as he was en route back to Oregon. The trooper searched Garcia and found $1,887 in cash. A Murray County canine deputy conducted a canine search with his drug detection dog. The dog gave a positive response to the driver's side of a "diamond plate" toolbox mounted on top of a fuel tank in the bed of the truck. After removing the toolbox and a diamond plate separating the tool box from the fuel tank, the officers noticed an access door that had been sealed with "Bondo" and silicone. After unsealing the door, the officers found thirteen cellophane wrapped bundles of cash that were later determined to contain $185,020. The officers also observed a white powdery substance with the appearance and aroma of laundry detergent covering the floor of the compartment. Upon questioning, Garcia stated that he did not know how the money got there and that he had not installed the fuel tank in the bed of the truck. Garcia

---

[1] The only information provided to the court related to Roberto is his first name and that Garcia knew him through an auto auction in Portland, Oregon.

[2] Garcia claims that Roberto was deported. However, there is no record evidence of any immigration proceedings.

also signed a "Disclaimer of Ownership" with respect to the cash found in the fuel tank. The officers later took the property to an auto repair shop where the narcotics detection dog alerted on the $185,020 after it had been hidden. As a result, the officers seized the property for forfeiture.[3]

The United States commenced this forfeiture action pursuant to 21 U.S.C. § 881 on July 6, 2007, and on August 6, 2007, served notice of the action on Garcia and his attorney. Garcia filed a verified claim and answer contesting forfeiture of the property on September 6, 2007. In his claim, Garcia asserted his right to the $185,020 because "it was in [his] possession, albeit unknowingly." The United States now moves for entry of default judgment against all unknown defendants who have not filed a claim to the property, and for an order striking Garcia's claim to the $185,020 and forfeiting the currency to the United States.

**DISCUSSION**

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[3] Garcia's separate motion challenging the legality of the search and seizure is pending before the magistrate judge.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Constitutional Standing**

In a forfeiture proceeding, Article III of the United States Constitution requires a claimant to establish standing to contest forfeiture of the seized property. United States v. Bearden, 328 F.3d 1011, 1013 (8th Cir. 2003). Standing is a threshold issue that must be decided at the outset of the litigation. United States v. 1998 BMW "I" Convertible, 235 F.3d 397, 399 (8th Cir.

2000); see also Fed. R. Civ. P. Supp. R. G(8)(c). To establish standing, a claimant must show that he has "a sufficient ownership interest in the property to create a case or controversy." Bearden, 328 F.3d at 1013. A claimant "need not prove the underlying merits of the claim." United States v. 7725 Unity Ave. N., 294 F.3d 954, 957 (8th Cir. 2002) (citation omitted). Rather, a claimant "need only show a colorable interest in the property, redressable, at least in part, by a return of the property." Id. A "colorable ownership interest 'may be evidenced in a number of ways including showings of actual possession, control, title and financial stake.'" Bearden, 328 F.3d at 1013 (quoting United States v. One 1945 Douglas C54 (DC-4) Aircraft, 647 F.2d 864, 866 (8th Cir. 1981)). However, where a plaintiff alleges only a possessory interest, "he must present evidence tending to support the legitimacy of [that] interest." United States v. $148,840, 521 F.3d 1268, 1275-76 (10th Cir. 2008) (citations omitted). "Such evidence might include an explanation of the specific legal interest in the res (e.g., a bailment or agency interest) or an identification of its legal owner." Id.

Garcia has consistently maintained that he had no knowledge of the $185,020 until the officers searched his vehicle. Garcia also indicated that he "does not know the name, address or telephone number of any individual, business or other person from whom he acquired the $185,020." (Cl. Am. Resp. Interrog. No. 3.C.)

Nevertheless, Garcia contends that he has a sufficient possessory interest for standing purposes because the money was found in his truck. However, "[u]nexplained naked possession of a cash hoard ... does not rise to the level of the possessory interest requisite for standing to attack the forfeiture proceeding." United States v. $321,470, 874 F.2d 298, 304 (5th Cir. 1989); see also Mercado v. U.S. Customs Serv., 873 F.2d 641, 645 (2d Cir. 1989) (no standing where claimant asserted no knowledge of money in carry-on case and suitcase); United States v. $244,320, 295 F. Supp. 2d 1050, 1059 (S.D. Iowa 2003) ("[P]ossession requires a knowledge of presence and an intent to control." (citations and quotation omitted)). Therefore, the mere presence of the $185,020 in Garcia's vehicle does not establish his standing to challenge the government's forfeiture of the currency.[4]

Anticipating this result, Garcia maintains that he has a possessory interest in the $185,020 as a bailee. Supplemental Rule G(5)(a)(iii) provides that a "claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the

---

[4] Garcia also claims an interest in the $185,020 because it was found in a place where he had an expectation of privacy. This argument conflates Article III standing with Fourth Amendment standing. The government concedes that Garcia has standing to challenge the legality of the search and seizure. The fact that the $185,020 was found in a place where Garcia had an expectation of privacy, however, does not alone establish a recognizable possessory interest conferring Article III standing. See $321,470, 874 F.2d at 304 (claimant failed to establish possessory interest for cash found in vehicle).

bailor's behalf must state the authority to do so." As an initial matter, Garcia's verified claim nowhere indicates that he was a bailee of the $185,020. Indeed, Garcia expressly stated in his response to the government's interrogatories that he "was not serving as a bailee ... with respect to these funds." (Cl. Am. Resp. Interrog. No. 3.) Nevertheless, at oral argument on this motion, Garcia's counsel indicated that he will be moving to amend the claim to assert Garcia's status as a bailee. The only record evidence with respect to a bailor, however, is an individual identified solely as "Roberto." Such limited evidence does not satisfy Supplemental Rule G. Moreover, even if Garcia properly asserted his interest as a bailee in his claim, he has not established a factual issue as to whether a bailment existed between he and Roberto.

"Ownership interests are defined by the law of the State in which the interest arose." Bearden, 328 F.3d at 1013. Garcia claims that his bailment with Roberto arose when Garcia regained possession of the truck and trailer in Minnesota. Therefore, Minnesota law applies. To create a bailment under Minnesota law:

> there must be delivery of goods from one person (the bailor) to another (the bailee) without a transfer of ownership and acceptance of such delivery by the bailee upon an agreement, either express or implied, that the goods are to be returned to the bailor or otherwise accounted for. The bailee's duty to exercise due care with respect to the goods

> arises because of his acceptance of their possession and his subsequent custody and control over them.

Nat'l Fire Ins. Co. v Commodore Hotel, Inc., 107 N.W.2d 708, 709 (Minn. 1961) (citations omitted).

In this case, Garcia asserts that his business relationship with Roberto created a bailment because after retrieving the truck and trailer Garcia "held no independent authority to destroy, dispose of or in any other way interfere with items left in the vehicles."[5] (Cl. Br. at 9.) Garcia concedes that the true owner of the money (the bailor) is unknown but asks the court to presume that the money was Roberto's. Even if the court adopted Garcia's proffered presumption, there is no evidence of any agreement, express or implied, between Garcia and Roberto with respect to the money. Moreover, as discussed above, Garcia's lack of knowledge about the money's existence prevents him from establishing possession. Therefore, there is no factual issue as to the existence of a bailment between Roberto and Garcia, and Garcia lacks standing to contest the forfeiture of the $185,020 because he has not established a colorable interest in the money.[6]

---

[5] Garcia also claims that Roberto cannot contest the forfeiture because he was deported. As noted above, however, the record contains no evidence of Roberto's deportation.

[6] Garcia also claims standing under the Eighth Amendment. This argument, however, is premature. Before Garcia can argue that forfeiture of the $185,020 would violate the Eighth Amendment, he must establish an interest in the money sufficient to confer
(continued...)

Accordingly, the court grants the government's motion for partial summary judgment.

### III. Default Judgment

The government filed this action against the truck and trailer pursuant to 21 U.S.C. § 881(a)(4) and against the United States currency pursuant to § 881(a)(6) because of the alleged use or intended use of the property to violate the Controlled Substances Act.  Forfeiture pursuant to § 881 is governed by 18 U.S.C. § 983. Section 983(a)(4) provides that:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest ... except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

In conformance with Supplemental Rule G(4), the government published a proper notice of forfeiture action in a newspaper of general circulation in the district of Minnesota on July 26, August 2 and August 9, 2007.  The court has received no verified statement of interest in the property other than that submitted by Garcia.

---

⁶(...continued)
standing.  Cf. United States v. $100,348, 354 F.3d 1110, 1119 (9th Cir, 2004) (claimants with sufficient possessory interest for standing may raise Eighth Amendment challenge to forfeiture).  As discussed above, Garcia has not established a cognizable property interest in the $185,020.

9

Therefore, the court grants the government's motion for entry of default judgment against all unknown persons and entities having an interest in the property.

## CONCLUSION

Accordingly, based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment striking Garcia's claim to the $185,020 and forfeiting the money to the United States, and for entry of default judgment against all unknown persons who have failed to file a claim to defendant property [Doc. No. 35] is granted.

Dated: June 2, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court
